UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM E. STIRTON, JR., and DOTTIE
MAE WARD,

                      Plaintiffs,        CIVIL CASE NO. 05-40378

v.

MICHIGAN TOOLING ASSOCIATION, f/k/a    HONORABLE PAUL V. GADOLA
DETROIT TOOLING ASSOCIATION,             U.S. DISTRICT COURT

                      Defendant.
_____/

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

     In this action, Plaintiffs William Stirton, Jr. and Dottie Mae Ward allege that they receive health and dental care benefits from Defendant Michigan Tooling Association, and that Defendant has informed Plaintiffs that these benefits will be terminated on January 1, 2006. In an attempt to halt the termination of the health and dental care benefits, Plaintiffs filed an ex parte combined motion for a temporary restraining order ("TRO") and a preliminary injunction against Defendant. For the sake of expediency, the Court will only consider the motion for the TRO, leaving Plaintiffs' motion for a preliminary injunction to follow the normal briefing schedule as described in the Local Rules for the Eastern District of Michigan. Because it does not "clearly appear[] . . . that immediate and irreparable injury, loss, or damage will result," the Court will deny Plaintiffs' motion for a TRO. Fed. R. Civ. P. 65(b).

     The issuance of a TRO is governed by Rule 65(b) of the Federal Rules of Civil Procedure, which states in relevant part:

A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney **only if** (1) it **clearly appears** from specific facts shown by affidavit or by the verified complaint that **immediate and irreparable injury**, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b) (emphasis added). The Supreme Court has stated that "[e]x parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (citation omitted). Furthermore, "[The Supreme] Court has stated that 'the basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" *Sampson v. Murray*, 415 U.S. 61, 88 (1974) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959)).

Irreparable injury is defined as "[a]n injury that cannot be adequately measured or compensated by money." Black's Law Dictionary 789-90 (7th ed. 1999). The Supreme Court has stated:

> The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Sampson*, 415 U.S. at 90 (internal quotation and citation omitted).  Plaintiffs claim that if their benefits are terminated on January 1, 2006, irreparable harm will result because Plaintiffs will lose continuity of coverage, and that such loss of continuity of coverage would result in the Plaintiffs having to pay future medical expenses for the treatment of pre-existing medical conditions, which are expenses currently covered by the benefits plan.  Plaintiffs claim that it would be impossible to calculate the increased costs of future medical care should they lose the continuity of coverage.

      The Court disagrees.  Plaintiffs' potential injury consists simply of future medical expenses that might result because of the interruption of coverage of their benefits plan.  This is a type of injury that can be calculated, and if Plaintiffs ultimately prevail, sufficient money damages can be granted in order to compensate Plaintiffs.  Since Plaintiffs' potential injury can be adequately compensated by money, the injury cannot be said to be irreparable.  Therefore, Plaintiffs have failed to demonstrate that irreparable injury will result absent the issuance of a TRO, and thus, the Court will deny Plaintiffs' motion for a TRO.

      Plaintiffs' combined motion also contains a motion for a preliminary injunction, which the Court will decline to consider at this time.  As it is a dispositive motion for injunctive relief, Plaintiffs' motion for a preliminary injunction will follow the normal briefing schedule as specified in Local Rule 7.1(d) for the Eastern District of Michigan.

      **ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiffs' motion for a temporary restraining order is **DENIED**.

      **IT IS FURTHER ORDERED** that Plaintiffs' motion for a preliminary injunction shall

follow the normal briefing schedule as described by the Local Rules for the Eastern District of Michigan.

**SO ORDERED.**

Dated:   December 22, 2005                         s/Paul V. Gadola
                                                   HONORABLE PAUL V. GADOLA
                                                   UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   December 22, 2005   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
          Elaine A. Parson; Chrisdon F. Rossi; Jeffrey D. Wilson            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                       .

                                                   s/Ruth A. Brissaud
                                                   Ruth A. Brissaud, Case Manager
                                                   (810) 341-7845