UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM E. STIRTON, JR., and
DOTTIE MAE WARD,

       Case No. 05-40378

      Plaintiffs,

v.

       District Judge Paul V. Gadola
       Magistrate Judge R. Steven Whalen

MICHIGAN TOOLING ASSOCIATION,
a Michigan Nonprofit Corporation, a/k/a/
DETROIT TOOLING ASSOCIATION,

      Defendant.

_____/

**REPORT AND RECOMMENDATION**

Before the Court are Defendant's Motion to Dismiss [Docket #9] and Plaintiffs' Motion to Remand [Docket #12], which have been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Defendant's Motion to Dismiss [Docket #9] be GRANTED IN PART AND DENIED IN PART, as follows: (1) that Plaintiff's state law claims of breach of contract and promissory estoppel be DISMISSED; (2) that the Complaint be construed as raising a claim under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, *et. seq.*; (3) that the motion to dismiss be DENIED as to the ERISA claim; and (4) that the Plaintiff be permitted to file, within 14 days of this Report and Recommendation, an amended complaint

-1-

elucidating more precisely the nature of the ERISA claim and the relief sought.

I further recommend that the Plaintiff's Motion to Remand [Docket #12] be DENIED.

## I.  FACTS

Plaintiff William Stirton entered into an employment contract with the Defendant whereby he would work in an executive capacity (managing director) until retirement from full-time active employment, and thereafter continue as a consultant for an additional year. As part of the negotiated fringe benefits, Section 5(A) of the contract provided that as part of the pension plan, the Defendant would include health and dental insurance coverage to Plaintiff and his spouse. Section 5(C) of the contract provided as follows:

> "Notwithstanding any provisions of this Agreement to the contrary, it shall not be a violation of this Agreement for the [Defendant] to add to or delete portions of the benefit package provided to Stirton; provided, however, such changes generally affect other executives or consultants engaged by the [Defendant]."

On or about July 1, 2005, Defendant notified Plaintiffs that it was terminating the health and dental coverage. Plaintiffs then filed suit in Oakland County Circuit Court, alleging breach of contract and promissory estoppel. On December 12, 2005, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441, on the ground that the state law claims were preempted by ERISA. Having removed the action, Defendant now seeks to have it dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that

if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### III.   ANALYSIS

A case may be removed from state court to federal court if the case could originally have been filed in federal court. The defendant seeking removal has the burden of showing that the district court has original jurisdiction. 28 U.S.C. § 1441(a); *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). In the present case, the parties have no diversity of citizenship, and therefore the Defendant has the burden under 28 U.S.C. § 1441(b) of showing federal question jurisdiction.

Defendant asserts that this Court has jurisdiction under ERISA, and that this federal claim completely preempts the state law claims.

In *Michigan Dept. of Treasury v. Michalec*, 181 F.Supp.2d 731, 734-35 (E.D. Mich. 2002), Judge Lawson summarized the principle of ERISA preemption as follows:

"Congress intended ERISA to be 'a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans.' *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Thus, to promote uniformity and a consistent national policy governing employee benefit plans, Congress 'establish[ed] pension plan regulation as exclusively a federal concern,' *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981), by enacting 29 U.S.C. § 1144(a) which declares that ERISA will 'supersede any and all State laws' which may 'relate to' an employee benefit plant that is subject to ERISA. State statutes which, in their application, *even remotely affect ERISA plan administration or allocation of benefits are subject to ERISA's explicit preemption provisions. See Lincoln Mut. Cas. Co. V. Lectron Products*, 970 F.2d 206, 209-10 (6th Cir. 1992). (Emphasis added).

Citing *Sherrod v. General Motors Corp.*, 33 F.3d 636 (6th Cir. 1994) and *Kyro v. General Products Corp.*, 2005 WL 1802088 (E.D. Mich. 2005), Plaintiffs argue that there is no ERISA-governed "plan" because there is no ongoing administrative scheme other than Defendant writing a check to the insurance carrier. In *Sherrod*, 33 F.3d at 638, the Sixth Circuit found that in determining whether an ERISA plan exists, "the pivotal inquiry is whether the plan requires the establishment of a separate, ongoing administrative scheme to administer the plan's benefits."

In this case, the Plaintiff's employment contract provided for his participation in the same health and dental plan provided to other executives, including retired executives. Unlike his pension, which Plaintiff received in a single lump sum, the health benefits involved the Defendant making continuing payments over time, not just writing a single check. The health plan thus implicated an ongoing administrative scheme. To accept Plaintiffs' argument would be to sever *all* employee health plans from ERISA, a result clearly not intended by Congress.

The Plaintiffs' state law claims "relate to" a benefit plan that is subject to ERISA, and are therefore also subject to ERISA's preemption provisions. *Lincoln Mutual Casualty Co. V. Lectron Products, Inc.*, 970 F.2d 206, 209-10 (6th Cir. 1992). Because the state claims are completely preempted by ERISA, "then the state law claim *is displaced* by the federal cause of action, and the action is subject to removal." *Michalec, supra*, 181 F.Supp.2d at 734, citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.s. 58, 63-64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (emphasis added).[1]

Accordingly, Defendant's motion to dismiss the state law claims must be granted in deference to ERISA. At the same time, given the complete preemption and displacement of those claims by ERISA, *see Michalec* and *Taylor, supra*, the Complaint should be construed as raising a claim under ERISA. That ERISA claim should not be dismissed because there are questions of material fact as to the validity of the case under ERISA.

For example, Defendant argues that the ERISA claim is futile because under the employment contract, Plaintiff's interest in the plan somehow had not "vested." However, Section 5(C) of the contract, on which the Defendant bases its argument, is subject to construction. The deletion or change of benefits is subject to the provision that "such

---

[1] In *Michalec*, the court found that the state law claims under the State Correctional Facility Reimbursement Act (SCFRA) were not *completely* preempted because the plaintiff was not the "participant or beneficiary" of the plan, and indeed had no rights under the plan whatsoever, even though his claim "related" to the plan. The present case is distinguishable because these Plaintiffs are clearly participants and beneficiaries, with ERISA-derived rights under the plan. Therefore, unlike *Michalec*, preemption is complete, and removal is appropriate.

changes generally affect other executives or consultants." Does this include current, actively employed executives, or only retirees like the Plaintiff? Defendant acknowledged at oral argument that the question of whether Plaintiff's interest in the plan was vested is governed by the terms of the contract. The meaning of the contract terms may become clearer following discovery, but at this point, I am unprepared to say that either construing the Complaint as raising an ERISA claim or amending the Complaint would be futile as a matter of law.

I therefore do not recommend complete dismissal of the Complaint, given the displacement of the state claims by an ERISA cause of action. However, it is incumbent on the Plaintiffs to set forth with some specificity the statutory basis of the ERISA claim and the specific relief they seek. Accordingly, Plaintiffs should be given the opportunity to file an amended Complaint within a reasonable time, which this Court deems to be 14 days from the filing of this Report and Recommendation.

Finally, based on the foregoing preemption discussion, the Plaintiff's Motion to Remand should be denied.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Docket #9] be GRANTED IN PART AND DENIED IN PART, as follows: (1) that Plaintiff's state law claims of breach of contract and promissory estoppel be DISMISSED; (2) that the Complaint be construed as raising a claim under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, *et. seq.*; (3) that the motion to dismiss be DENIED as to the

ERISA claim; and (4) that the Plaintiff be permitted to file, within 14 days of this Report and Recommendation, an amended complaint elucidating more precisely the nature of the ERISA claim and the relief sought.

I further recommend that Plaintiffs' Motion to Remand [Docket #12] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                    S/R.  Steven Whalen
                    R.  STEVEN WHALEN
                    UNITED STATES MAGISTRATE JUDGE

Dated:  August 30, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 30, 2006.

                    S/Gina Wilson
                    Judicial Assistant