UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM E. STIRTON, JR., and
DOTTIE MAE WARD,

      Case No. 05-40378

    Plaintiffs,

v.

      District Judge Paul V. Gadola
      Magistrate Judge R. Steven Whalen

MICHIGAN TOOLING ASSOCIATION,
a Michigan Nonprofit Corporation, a/k/a/
DETROIT TOOLING ASSOCIATION,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court is *Defendant's Motion for Summary Judgment* [Docket #24], filed February 16, 2007, which has been referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Because the employment agreement at issue in this case contains a mandatory binding arbitration clause, I recommend that Defendant's motion be DENIED, and that the case be STAYED pending arbitration.

### I. PROCEDURAL AND FACTUAL BACKGROUND

The facts as set forth in this Court's previous Report and Recommendation [Docket #18] are repeated here. Plaintiff William Stirton entered into an employment contract with the Defendant whereby he would work in an executive capacity (managing director) until retirement from full-time active employment, and thereafter continue as a consultant for an

additional year. As part of the negotiated fringe benefits, Section 5(A) of the contract provided that as part of the pension plan, the Defendant would include health and dental insurance coverage to Plaintiff and his spouse. Section 5(C) of the contract provided as follows:

> "Notwithstanding any provisions of this Agreement to the contrary, it shall not be a violation of this Agreement for the [Defendant] to add to or delete portions of the benefit package provided to Stirton; provided, however, such changes generally affect other executives or consultants engaged by the [Defendant]."

On or about July 1, 2005, Defendant notified Plaintiffs that it was terminating the health and dental coverage. Plaintiffs then filed suit in Oakland County Circuit Court, alleging breach of contract and promissory estoppel. On December 12, 2005, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441, on the ground that the state law claims were preempted by ERISA. On September 13, 2006, Plaintiffs amended the complaint to include claims pursuant to ERISA [Docket #19]. On September 26, 2006, the district court adopted the undersigned's Report and Recommendation [Docket #18, 20], dismissing Plaintiffs' Michigan law claims of breach of contract and promissory estoppel, on the basis that the Employee Retirement Income Security Act, ("ERISA") preempts the state law claims. [Docket #9,18]

## II.  ARBITRATION

Defendant contends that the unambiguous terms of the employment contract permits the termination of Plaintiffs' health and dental benefits. *Docket #24*. Defendant argues that ¶ 5(C) of the July 31, 1986 employment agreement, *supra*, allows the cessation of Plaintiffs' health and dental benefits, provided that the new policy is applied equally to all current

retirees. *Docket #24*, Exhibit C at 4. Also citing ¶14 of the same agreement, Defendants submit that the agreement "contains the entire agreement of the parties." *Id*. at 8.

Plaintiffs counter that ¶ 5(C) should be read to ensure that "[w]hatever MTS gave its executives *during their employment* would be given to Mr. Stirton and his spouse after his retirement during their lifetimes," pointing out that current employees continue to enjoy health care coverage. *Docket #26* at 15 (emphasis added). Plaintiffs note that "[t]his is that rare litigated case where both parties who entered into a contract agree upon both the intent of the contract and the proper interpretation of its meaning." *Id.* at 1. Thus, all parties agree that determination of the present motion hinges on the language of employment agreement.

The language of ¶ 13 of the contract, which mandates binding arbitration, controls the disposition of this case. That provision states as follows:

> "*Arbitration*. Any dispute arising under this Agreement *shall be resolved through binding arbitration* conducted under the rules, then obtaining, of the American Arbitration Association, in Detroit. The arbitrator shall have no power to render a decision that will add to, subtract from, or alter, change or modify the terms of this Agreement, and his power shall be limited to interpretation or application of the express terms of this Agreement. Each party shall be entitled to legal representation before the arbitrator and shall bear his own costs and expenses." (Emphasis added).

*Docket #24*, Exhibit A at ¶13.

"[W]hether or not a company is bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the court." *City of Detroit Pension Fund v. Prudential Securities Inc.* 91 F.3d 26, 30 (6th Cir. 1996); *Litton Financial Printing Division v. NLRB,* 501 U.S. 190, 208, 111 S.Ct. 2215, 2226, 115 L.Ed.2d 177 (1991). "Arbitration agreements in the employment context are enforceable." *Johns v. Sterling Jewelers, Inc.*

2006 WL 3759905, *1 (E.D.Mich.,2006)(Gadola, J.); *Circuit City Stores Inc. v. Adams,* 532 U.S. 105, 112, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). In deciding whether to compel arbitration, the court asks two questions: (1) did the parties enter into a valid and enforceable agreement to arbitrate, and (2) do the claims asserted fall within the scope of the arbitration agreement. *Johns*, at *1, *citing AT & T Techs., Inc. v. Comms. Workers of Am .,* 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).

Here, the unambiguous language of the employment agreement states that *any* dispute arising under the agreement "shall be resolved through binding arbitration," indicating "that the parties' basic intent was to provide a single arbitral forum to resolve all disputes" arising under the employment agreement. *Arnold v. Arnold Corp.–Printed Communications for Business*, 920 F.2d 1269, 1282 (6th Cir. 1990). The claims presented to this Court clearly fall within the scope of the arbitration clause.

"When a plaintiff has filed an action in a judicial forum after having previously agreed to resolve his or her claims through arbitration, a court must stay the judicial proceedings." *Johns*, *supra*; 9 U.S.C. § 3; *Burden v. Check Into Cash of Ky., LLC,* 267 F.3d 483, 488 (6th Cir.2001) ( citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 400, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967)). "Even when claims arise pursuant to statutory rights, a court has a duty to enforce a valid arbitration agreement under the FAA." *Johns* at *1,; *Stout v. J.D. Bryider,* 228 F.3d 709, 715 (6th Cir.2001).

Further, the Court's duty to enforce a valid arbitration agreement encompasses claims made under ERISA. *City of Detroit Pension Fund*, *supra*, 91 F.3d at 28. Although, the present motion disputes the applicability of Plaintiffs' breach of fiduciary claim to the

employment agreement, this claim's relevance to the employment agreement is also a matter for the arbitrator, i.e., it is a "dispute arising under [the] agreement." Unless a matter is expressly exempted, it should be construed as being within the scope of the arbitration agreement. *United Steelworkers of America v. Mead Corp.*, 21 F.3d 128, 131 (6th Cir. 1994). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.* 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); *See also Johns* at *1; *Stout,* 228 F.3d at 715 ("'When ambiguities exist as to the parties' intentions, those ambiguities should be resolved in favor of arbitration'").

The fact that neither side has submit a motion to compel arbitration does not abnegate the Court's *sua sponte* duty to enforce the employment agreement. Likewise, the fact that a dispositive motion unrelated to present issue has been submitted and decided does not preclude the enforcement of the agreement's terms. *See Hotel Employees and Restaurant Employees International Union Welfare Fund v. Connecticut General Life Ins. Co.* 2007 WL 1030454, *1 (N.D.Ill.2007) ("Upon review of the documents in this case, the court has become aware of a Collective Bargaining Agreement ("CBA") between the parties that includes a provision for arbitration."). *See also Automobile Mechanics Local 701 v. Vanguard Car Rental USA, Inc.*, 2006 WL 3490375, *2 (N.D.Ill.2006)(enforcing an arbitration clause *sua sponte* after the submission of summary judgment briefs). Likewise in this case, a review of the summary judgment motion and accompanying documents shows that the parties are subject to a mandatory binding arbitration agreement.

Having determined that the arbitration clause of the employment agreement is

enforceable, the Court's consideration "'is limited to determining whether the parties entered into a valid agreement to arbitrate, and does not reach the merits of the parties' claims.'" *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Kean-Argovitz Resorts* 383 F.3d 512, 514 (6th Cir. 2004); *Burden v. Check Into Cash,* 267 F.3d 483, 485 (6th Cir.2001). Thus, I recommend that the district court deny the present motion, and instead stay the case pending arbitration.

### III.   CONCLUSION

For these reasons, I recommend that Defendant's Motion for Summary Judgment [Docket #24] be DENIED, and that the case be STAYED pending arbitration.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: August 31, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 31, 2007.

S/Gina Wilson<br>
Judicial Assistant