UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM E. STIRTON, JR., and
DOTTIE MAE WARD,

                 Plaintiffs,     CIVIL CASE NO. 05-40378

v.

MICHIGAN TOOLING ASSOCIATION,     HONORABLE STEPHEN J. MURPHY, III
a/k/a DETROIT TOOLING
ASSOCIATION,

                 Defendant.
_____/

**ORDER OVERRULING THE DEFENDANT'S
OBJECTIONS AND ACCEPTING THE REPORT AND RECOMMENDATION**

The plaintiffs are pursuing a case against the defendants brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, *et seq.* The defendant filed a motion for summary judgment which was referred to Magistrate Judge R. Steven Whalen for a Report and Recommendation. On August 31, 2007, the magistrate judge issued his Report and Recommendation. In his Report and Recommendation, instead of analyzing the merits of the summary judgment motion, the magistrate judge found that the contract at issue mandated binding arbitration. The magistrate judge served the Report and Recommendation on the parties and notified the parties that any objections must be filed within ten days of service. The defendant filed timely objections. For the reasons stated below, the Court overrules the defendant's objections and adopts the magistrate judge's Report and Recommendation.

The Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections. If a party objects to

portions of the Report and Recommendation, the Court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(c). In this case, the defendant has filed objections to the magistrate judge's Report and Recommendation. Accordingly, the Court has conducted a de novo review of the record.

In this case, the defendant argues that this case should not proceed to arbitration for three reasons. First, the defendant argues that it unilaterally revoked the arbitration provision. Second, the defendant argues that the parties have waived any right to arbitration. Finally, the defendant argues that the plaintiffs' claim do not arise under the employment agreement, and thus, the arbitration provision in the employment agreement is not applicable.

After considering the defendant's objections and conducting a de novo review of the record, the Court finds that the defendant's objections are without merit and that this case should proceed to arbitration. By the Court's September 26, 2006 Order accepting an earlier Report and Recommendation, the Court ruled that there is complete preemption of the plaintiffs' state law claims by ERISA. Consequently, as the plaintiffs' claims have been preempted by ERISA, Michigan law is not applicable. Here, the language of the contract states that "[A]ny dispute arising under this Agreement shall be resolved through binding

arbitration conducted under the rules, then obtaining, of the American Arbitration Association." Def. Mot. Sum. Judg., Exh. A, ¶13 [docket entry #24].  When faced with such language, courts should take a presumption in favor of arbitration.  *NCR Corp. v. Korala Assocs.*, 512 F.3d 807, 813 (6th Cir. 2008) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983))  ("As a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.").  The language of the contract also requires that any change in the agreement must be in writing signed by the party against whom enforcement of the waiver is sought, namely, the plaintiffs.  Since there is no such writing in the current case, the defendants cannot unilaterally change the agreement and revoke the arbitration provision.  Furthermore, the Court finds that requiring arbitration does not unduly prejudice the defendant and that the plaintiffs have not waived recourse to arbitration based on their actions in this case. Finally, contrary to the defendant's argument, the Court finds that the plaintiffs' claims do arise under the employment agreement, and thus, the arbitration provision is applicable. Consequently, the Court concludes that this matter should go to arbitration.

Accordingly, after having reviewed the magistrate judge's Report and Recommendation, the defendant's objections, and the applicable portions of the record, **IT IS HEREBY ORDERED** that the defendant's objections [docket entry #32] are **OVERRULED** and the Report and Recommendation [docket entry #31] is **ACCEPTED and ADOPTED** as the opinion of this Court in a manner consistent with this Order.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment [docket entry #24] is **DENIED.**

**IT IS FURTHER ORDERED** that the parties are directed to arbitration and that this case is hereby **DISMISSED WITHOUT PREJUDICE** to reinstatement should further proceedings be necessary after arbitration.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to supplement [docket entry #36] is **DENIED AS MOOT**.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  February 3, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 3, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager